CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 0 9 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JONATHAN LEE GRAHAM, )
) Case No. 7:08CV00260
Plaintiff, )
)
v. ) MEMORANDUM OPINION
)
CHIEF DEPUTY KEITH DUNAGAN, )
et al., ) By: Hon. Glen E. Conrad
) United States District Judge
Defendants. )

This case is before the court for consideration of the Report and Recommendation submitted by the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1). The case arises under 42 U.S.C. § 1983. In his complaint, the plaintiff, Jonathan Lee Graham, raised several claims arising from his arrest, prosecution, and conviction on a variety of criminal charges in the Circuit Court for the County of Wythe.

Prior to the conduct of an evidentiary hearing, the magistrate judge granted plaintiff's motion to dismiss several of his original claims. The magistrate judge took evidence regarding plaintiff's claims of excessive force, false arrest, and malicious prosecution under the Fourth and Eighth Amendments. Following conduct of the hearing, the magistrate judge issued a Report and Recommendation in which he recommended dismissal of all of plaintiff's claims. Stated succinctly, the magistrate judge held that plaintiff's Eighth Amendment claims are without merit, inasmuch as plaintiff had not been convicted of any crime at the time his claims arose. Accordingly, the magistrate judge concluded that plaintiff's claims for redress should be analyzed only under the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989). Recognizing that plaintiff's appeal from the judgments of conviction entered in state court is still pending, the magistrate judge

recommended dismissal of the claims of false arrest, malicious prosecution, and excessive force pursuant to the rule in Heck v. Humphrey, 512 U.S. 477 (1994).[1] As to the excessive force claim, the magistrate judge also considered the case on the merits and concluded that the defendants' actions during plaintiff's arrest were objectively reasonable, so as to bar any cause of action for excessive force under the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 396 (1989); Tennessee v. Garner, 471 U.S. 1, 8 (1985).[2]

Neither side objected to the magistrate judge's Report and Recommendation. Instead, for his part, plaintiff filed a motion seeking voluntary dismissal of his cause of action without prejudice. Plaintiff explained that he now believes that the magistrate judge was correct in holding that his claims are barred under Heck v. Humphrey, supra. Plaintiff stated that it was "premature for the plaintiff to file his legal action before the conclusion of his state appeal for his criminal conviction," and that he intends to dismiss his case "so that he may possibly present these claims at a later time."

While the court recognizes that plaintiff's arrest was later found to be supported by probable cause upon review by a judicial officer and by a grand jury, and while plaintiff ultimately pled guilty to the criminal charges, the court will permit plaintiff to withdraw his false arrest and malicious prosecution claims, especially since the magistrate judge recommended essentially the same outcome. However, as to the remainder of plaintiff's Fourth Amendment claims concerning the conduct of certain of the defendants during his arrest, the court will enter judgment in favor of the

---

[1] The record indicates that plaintiff pled guilty to the state criminal charges. In his pending appeal, plaintiff challenges the acceptance of his guilty plea, as well as the sentence imposed by the state court judge.

[2] The magistrate judge went on to find that, even if excessive force was applied, the defendant officers are entitled to qualified immunity "both because there was no violation of Graham's constitutional rights and because it would not be clear to a reasonable officer that the actions taken to restrain the wildly belligerent Graham were unlawful." See Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982).

defendants. As previously noted, the magistrate judge considered these allegations on the merits, and concluded that the actions of the defendants in accomplishing plaintiff's arrest were reasonable and consistent with the circumstances presented by plaintiff's wild and delusional behavior. Plaintiff did not object to any of the fact findings of the magistrate judge regarding the merits of the Fourth Amendment excessive force claims. The timely filing of specific objections to the magistrate judge's Report and Recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140, 149 (1985). By failing to file specific objections to the magistrate judge's findings of fact related to his excessive force claims, despite having been warned of the necessity to do so, plaintiff has waived his right to argue that the defendants' conduct violated the Fourth Amendment in this regard. See United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007).

In summary, the magistrate judge's Report and Recommendation will be adopted in part. Plaintiff's motion for voluntary dismissal without prejudice to his claims of false arrest and malicious prosecution shall be granted. Judgement shall be entered in favor of the defendants as to all of plaintiff's remaining claims. Plaintiff's motion for preparation of a transcript will be denied at this time.[3] An appropriate judgment and order will be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of

---

[3] If plaintiff is successful in seeking to have his judgment of conviction overturned, and should he then choose to refile his claims of false arrest and malicious prosecution, he may renew his motion for preparation of a transcript of the hearing before the magistrate judge.

- 3 -

Case 7:08-cv-00260-GEC-mfu Document 78 Filed 03/10/09 Page 3 of 4 Pageid#: 529

the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and counsel for defendants.

DATED: This 9th day of March, 2009.

*/s/ Glen Conrad*
United States District Judge